UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL M. KRUSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BANSUAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00005-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF NO. 19) |

Gabriel Kruse ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 16, 2019, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 19). Plaintiff asks for appointment of counsel because he cannot afford to hire counsel; because he has an extremely limited knowledge of the law; because he has limited access to legal materials; because this case appears to have merit; because the issues involved in this case are complex, and expert testimony may be required; because he is physically ill and suffering from chronic fatigue, as well as loss of concentration, cognitive function, and memory; because he wrote to three attorneys to ask them to handle his case, but none responded; and because he

///

///

lacks the ability to investigate the relevant facts.[1]

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds,</u> 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **September 18, 2019**      /s/ Eric P. Groj
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff states that he is not allowed to possess the documents required to name Doe Defendants. However, even if Plaintiff is not allowed to possess the documents, he may be allowed to inspect them.